NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

## WHITFIELD SMITH, PETITIONER, v. ESSEX COUNTY PARK COMMISSION, RESPONDENT.

Decided January 23, 1937.

For the petitioner, *Stone & Kleinberg* (*Perry E. Belfatto*, of counsel).

For the respondent, *Gray & Reid* (*A. Lionel Reid*, of counsel).

This is a proceeding brought by Whitfield Smith, as petitioner, against the Essex county park commission, respondent, seeking a review of a judgment heretofore entered thereon upon the ground that his incapacity has subsequently increased, pursuant to the provisions of section 21(f) of the Workmen's Compensation act. *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3882, § **236-24, *subsec.* 21(f).

A supplemental petition and an answer thereto were duly filed with the secretary of the workmen's compensation bureau at his office in Trenton, New Jersey, and in regular course

the matter came on for hearing before me, John J. Stahl, a deputy commissioner of compensation, at the Newark chambers of the workmen's compensation bureau.

Briefly stated, the material facts are essentially as follows: On July 21st, 1932, the petitioner, while engaged by the respondent in pick and shovel work at the South Mountain Reservation, sustained an injury to his right testicle, as the result of an accident arising out of and in the course of his employment, when he was struck in the region of the right scrotum by a piece of stone which he was breaking up by means of a pick. On July 13th, 1933, the petitioner and respondent entered into a compromise agreement upon which judgment was accordingly entered, by the terms of which petitioner received thirty weeks compensation at the rate of $13 per week for temporary disability and seventy-five weeks at the same rate for partial permanent disability or the equivalent of fifteen per cent. of the total, based on a condition of traumatic hydrocele and epididymitis on the right side.

The sole question dispositive of the present issue is whether or not the petitioner is suffering from an increased disability due to the original injury.

The petitioner, appearing as a witness on his own behalf, testified that his physical condition has grown steadily worse since the award recovered in 1933; that he has lost considerable weight; that he is weak and unable to work; that at the present time both testicles are painful, swollen and enlarged; that the pain from the testicles radiates up the entire spine; that the left hip feels as though it is paralyzed; that his left side is numb and has no feeling; that he is unable to walk in comfort or ride in a bus because of the pain in his scrotum; that he is nervous and unable to sleep at night.

The testimony of the several physicians appearing for the respective parties presents the usual contrariety of medical opinion. Drs. Henry A. Davidson, Francis S. Myers and Lewis H. Loeser, appearing on behalf of the petitioner, expressed the opinion that the petitioner, in addition to his physical condition for which he had been previously compensated, is suffering from a permanent disability ranging from twenty per cent. to twenty-five per cent., based on a neurosis

resulting from the accident. Drs. Joseph Koppel, M. Weinstock Bergman and Jack Blumberg, appearing for the respondent, expressed the opposite view. However, it was admitted by Dr. Bergman, on cross-examination, that upon examination of the petitioner in 1933, he found Smith a potential psycho-neurotic; that at the present time he finds him definitely psycho-neurotic; but that he does not attribute this neurotic condition to the accident, ascribing it to environmental, economical and family difficulties.

In addition to these physicians there was medical testimony adduced on behalf of both parties pertaining to the urological condition of the petitioner. Dr. Macyln Baker and Dr. Jacob Golder testified for the petitioner, while Dr. Sidney C. Keller and Dr. Joseph F. Londrigan testified for the respondent. In the main their testimony seems to be in accord, indicating by their opinions that the physical condition of the petitioner has remained static and that both testicles function normally.

In view of the widely conflicting opinions of the medical experts on the question of the neurosis, it becomes necessary for me, in order to arrive at a decision, to adopt the viewpoint which appears to be the more reasonable and which deserves the greater weight in the evidence. Neurosis is a nervous disorder of a functional nature, and is characterized by a chain of varying symptoms of psychic, nervous, motor and vasomotor disturbances, usually without any organic basis or background. While most any type of emotional shock such as worry over business losses; economic distress; family difficulties and disappointments is a competent producing cause for a neurosis, it is conceded, nevertheless, by all the well recognized medical authorities that neurosis quite often follows as a result of trauma. Particularly is this so where the injury, as here, involves the genital organs and where the neurotic manifestations promptly follow such cause. And the fact that the petitioner had a pre-disposition to a neurosis in that he was a potential psycho-neurotic at the time or shortly after the accident is immaterial. Likewise, that the petitioner, but for the want of sufficient will power, could have thrown off the condition of neurosis caused by the injury, does not deprive him of this right to compensation. See *Sigley* v.

*Marathon Razor Blade Co.,* 111 *N. J. L.* 25; 166 *Atl. Rep.* 518. Upon carefully weighing the evidence I am satisfied that the petitioner is suffering from traumatic neurosis as a result of the scrotal injury; that from my observation of him in court and by his demeanor on the stand, I am thoroughly convinced that he is definitely neurotic, and that while I find as a fact that his neurosis is augmented and accentuated to some extent by conditions wholly unrelated to his injury, namely economic distress, financial worries, family troubles and difficulties with the relief authorities, the conclusion is inescapable that the accident was the initiating cause of the neurosis, contributing to a large extent to his present disability. Upon eliminating the elements of disability which bear no relation to the accident, I find the petitioner is suffering from a traumatic neurosis approximating ten per cent. total disability.

It is therefore on this 23d day of January, 1937, ordered, that judgment be entered in favor of the petitioner and against the respondent.

\* \* \* \* \* \* \*

JOHN J. STAHL,
*Deputy Commissioner.*