KARWACKI v. GENERAL MOTORS CORP.

1. WORKMEN'S COMPENSATION—DIRECT INJURY TO NERVOUS SYSTEM.
   All results, both physical and mental, of an accident which have
   a direct effect upon the nervous system, go to make up disability
   and determine compensability.

2. SAME—SUPERFICIAL BURN ON HAND—AGGRAVATION OF PREEXISTING
   LATENT MENTAL DISTURBANCE.
   Accidental injury whereby employee was inflicted with a super-
   ficial burn at the base of the right thumb at which an infection
   later developed and resulted in a disabling condition by ag-
   gravating a preexisting latent mental disturbance was a com-
   pensable injury.

3. SAME—FINDING OF DEPARTMENT—PROXIMATE CAUSE—EVIDENCE.
   Finding of department of labor and industry of causal connec-
   tion between superficial burn of hand and disability due to
   mental disturbance *held*, supported by evidence of physician.

Appeal from Department of Labor and Industry.
Submitted January 4, 1940. (Docket No. 78, Calen-
dar No. 40,706.) Decided June 3, 1940.

Frank Karwacki presented his claim against Gen-
eral Motors Corporation, Chevrolet Motor Division,
employer, for compensation for personal injuries sus-
tained while in defendant's employ. Award to plain-
tiff. Defendant appeals. Affirmed.

*Dann & Atlas* and *Daniel O'Brien*, for plaintiff.

*J. G. Stevenson, E. C. McDonald,* and *J. L. Schaffer,*
for defendant.

CHANDLER, J.   Plaintiff, a hammer man, sustained
an accidental injury on July 16, 1937, when a small
piece of hot metal entered his glove and inflicted a

superficial burn at the base of the right thumb, an infection later developing at the site of the burn. Thereafter, he alternately worked for the defendant employer at his regular employment and at work intended to rehabilitate him until October 28, 1937.

He continued to complain of his injury and inability to work and was examined by various physicians, including Dr. Linus J. Foster, a neuropsychiatrist.

Upon application to the department of labor and industry for compensation, he received an award, from which this appeal in the nature of certiorari is taken by defendant.

Defendant claims that there is no evidence in the record to sustain the finding of fact made by the department, based on the testimony of Dr. Foster, that there is a causal relationship between plaintiff's injury and his disability. To substantiate its position, *Schneyder* v. *Cadillac Motor Car Co.*, 280 Mich. 127, is cited, wherein the test adopted to determine whether a particular mental or nervous disturbance following an accidental injury is compensable is stated in this language:

"(1) Where the accident has a direct effect upon the nervous system, all the results thereof, both physical and mental, go to make up disability and determine compensability;

"(2) But where the mental disturbance is collateral to the injury, does not arise directly from it but is due to worry, anxiety or brooding over the accident or its effect or compensation for it, or the like, it is not compensable."

The testimony of Dr. Foster supports the finding of the department that the accidental injury aggravated a preexisting latent mental disturbance, resulting in a disabling condition. The result is comparable to situations wherein an accidental injury has

aggravated and precipitated a preexisting latent physical ailment, resulting in disability. Awards of compensation in such cases have been sustained in a multitude of instances.

As usual, the record contains testimony which would have sustained a finding that there was no causal connection between the injury and the disability and that plaintiff is malingering. However, we repeat that we are not the triers of the facts and must necessarily hold that the finding of fact made by the department has some support in the evidence of Dr. Foster, which establishes the necessary causal connection and distinguishes the case on the facts from *Schneyder* v. *Cadillac Motor Car Co., supra,* wherein the mental condition was collateral to the injury. See *Wilkinson* v. *Dubach Mill Co., Inc.,* 2 La. App. 249; *Smith* v. *Essex County Park Comm.,* 15 N. J. Misc. 227 (190 Atl. 45).

Award affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, POTTER, NORTH, MC-ALLISTER, and WIEST, JJ., concurred. BUTZEL, J., did not sit.