**Eugene F. FARLEY, Claimant-Appellant,**

v.

**SEARS, ROEBUCK & COMPANY,
Employer-Appellee.**

Superior Court of Delaware.

New Castle.

Oct. 1, 1969.

**294**

John Biggs, III, of Biggs & Battaglia, Wilmington, for claimant-appellant.

Walter L. Pepperman, II, of Morris, Nichols, Arsht & Tunnell, Wilmington, for employer-appellee.

STIFTEL, President Judge.

Appellant (Claimant) had been working for Sears, Roebuck & Company since 1951. At the time he came to work, he had a disease of his right eye dating from birth which affected his vision, noticeably from age 14. Also, while he was working for Sears, he developed difficulty with his hearing. At one time he was display manager but because of his sight difficulty he was demoted. His demotion came shortly before an accident which he alleges occurred on November 4, 1965 in the parking lot at Sears. At the time, he was bending over to pick up a fallen sign when a customer's car, while in the process of backing, upset him. This accident was reported. The physical effects arising from this accident were minimal. He lost work only part of a day.

Some five months later, his separation from Sears became permanent. He had asked for retirement from Sears for permanent disability and obtained it. He now draws disability insurance payments but no workmen's compensation payments.

He contends that the accident of November 4, 1965 resulted in a "conversion hysteria" which had salient effects on his ability to work and that his retirement and complete disability was due to the November 4th accident. Sears, of course, claims that his hysteria is not due to the car accident. The Industrial Accident Board, on November 24, 1968, denied the claim, making the following conclusions of fact:

> "2. That Eugene F. Farley, Wilmington, Delaware did sustain an injury on November 4, 1965 when he was struck by an automobile.

> "3. That Eugene F. Farley did not by a preponderance of competent medical and/or factual testimony establish that he sustained a compensable industrial injury on November 4, 1965 arising out of and in the course of his employment with Sears, Roebuck & Company within the meaning of the Delaware Workmen's Compensation Law."

These findings are cryptic. They appear to be antithetical. The Board is required to state its conclusions of fact and rulings of law. 19 Del.Code § 2345. See

Le Tourneau v. Consolidated Fisheries Co., 4 Terry 540, 51 A.2d 862. Mere paraphrasing of the statutory language is not sufficient. Barnes v. Panaro, Del., 238 A.2d 608, 610. In this case, our Supreme Court said:

"Without an adequate statement of findings of fact, the orderly process of administrative review suffers because the reviewing Court cannot properly exercise its function."

Presumably, the Board found that the claimant was hit by a car and suffered some injury. Did it also find that he suffers from "conversion hysteria" or some other disability which makes him unable to work? If he has been suffering from such mental ailment, was it caused by the car accident? If not, what did cause it? Did the Board determine that such hysteria did not follow as a result of the car accident? Did it make a determination that claimant's illness had no relation at all to the car accident and was due to "job loss" or other factors? Why did claimant's employment cease? In other words, I want to know why the Board reached the decision it reached. On what facts did it rely?

There are many facts on which the Board depended for its ruling of law that it did not recite in its conclusions of fact. These conclusions are important. Furthermore, for its ruling of law, the Board merely stated as follows:

"The following provisions of the Delaware Workmen's Compensation Law are applicable to this case:

"Delaware Code, Title 19, Par. 2345, 2301."

Section 2345 recites when a hearing takes place before the Board.* Section 2301

deals with the definitions in the Act. The above ruling of law by the Board is not actually a ruling of law in relation to this case. Did the Board by this recital determine that "conversion hysteria" is not compensable? Cf. Fiorucci v. C. F. Braun & Co., Del.Super., 4 Storey 79, 173 A.2d 635; see, also, E. I. duPont de Nemours & Co. v. Whitson (Ky.), 399 S.W.2d 734; Smith v. Essex Co. Park Comm., 15 N.J. Misc. 227, 190 A. 45. What is its precise ruling on the facts before it?

This case is remanded to the Board which shall set forth in detail its proper conclusions of fact and findings of law in relation thereto.

So ordered.

---

* 19 Del.Code § 2345 reads as follows:

"Hearing upon disagreement on amount of compensation or benefits.

"If the employer and the employee, or his dependents in case of death, fail to reach an agreement in regard to compensation under this chapter, or if, after they reach such an agreement, the Board shall refuse to approve the same, either party

may notify the Board of the facts, and the Board shall thereupon, after notice of the time and place of hearing being served on all parties in interest, personally or by registered mail, hear and determine the matter in accordance with the facts and the law, and state its conclusions of fact and rulings of law."