**Elio BATTISTA, Plaintiff,**

v.

**CHRYSLER CORPORATION, Defendant.**

Superior Court of Delaware, New Castle County.

Submitted: March 27, 1986.
Decided: July 21, 1986.

John T. Owens of John T. Owens, P.A., Wilmington, for plaintiff.

Carl Schnee, and Beth E. Evans of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for defendant.

O'HARA, Judge.

The matters before the Court involve an appeal by employee, Elio Battista ("Battista") and a cross appeal by employer, Chrysler Corporation ("Chrysler") of a decision by the Industrial Accident Board ("Board"), dismissing Battista's Petition To Determine Compensation Due To Injured Employee, pursuant to 19 *Del.C.* §§ 2301 and 2304. Battista submits that the Board's determination that psychological injuries are not compensable unless preceded by physical injuries is an incorrect interpretation of §§ 2301, 2304, and applicable caselaw, as well as being directly contrary to this Court's earlier decision in a civil action instituted by Battista against Chrysler.

On the contrary, Chrysler maintains that the Board properly construed the law as prohibiting compensation for psychological injuries which are not preceded by physical injuries. Chrysler also takes issue with Battista's argument that the earlier proceedings in this Court should be regarded as having a res judicata or collateral estoppel effect, because in granting Chrysler's motion to dismiss, the Court was without sufficient facts to make a determination of compensability, and merely held that if there was a viable claim, such claim would fall within the ambit of the Workmen's Compensation Act ("Act").

In its cross appeal, Chrysler alleges that the Board's "Conclusions of Fact and Rulings of Law" are deficient in that they fail to indicate what testimony was accepted or rejected, and they misconstrue the test for establishing an "accident", under § 2304. Finally, Chrysler contests the Board's finding that "... the claimant's physical violence occurred after, and as a result of, his psychological changes", claiming that this finding is unsupported by substantial competent evidence.

Battista was hired by Chrysler as an assembler major on January 30, 1976, and was promoted to repairman-welder one month later. In early October, 1977, Battista was promoted to electrician, but later that month he was demoted back to the assembly line. After filing a labor grievance, Battista was reinstated as a repairman-welder in June, 1979, though he was again demoted to the assembly line in September, 1979. Following the last demotion, Battista was subjected to ethnic slurs and other verbal abuse from at least one co-worker, and on October 19, 1979, Battista left work with chest pains and shortness of breath. Thereafter, he was hospitalized for a period of time, and he has never returned to work.

The diagnoses of Battista's treating psychiatrist, Pablo Villafuerte, M.D. ("Dr. Villafuerte"), and David E. Raskin, M.D. ("Dr. Raskin"), the psychiatrist retained by Battista's counsel, are in accord as to the disabling nature of Battista's illness and the causal connection between that illness and the working conditions at Chrysler. The diagnoses, however, differ as to classification of the illness, with Dr. Villafuerte describing it as major depression, and Dr. Raskin calling it a panic disorder with secondary depression.

Battista brought an action against Chrysler in this Court on October 10, 1981, alleging intentional infliction of mental distress and defamation. On October 16, 1981, Battista filed his petition for workmen's compensation with the Board. Chrysler subsequently filed a motion to dismiss the action in this Court, claiming that pursuant to the exclusivity provision of § 2304, Battista's sole recourse was under the Act. Chrysler's motion to dismiss was granted on October 22, 1982, it being noted, with respect to intentional infliction of mental distress, that "... the claim pre-

cipitated by Employee's allegedly wrongful demotion falls within the exclusive province of the Workmen's Compensation law." After a hearing before the Board on May 23, 1984, a decision was rendered in favor of Chrysler, the Board finding "... that without physical violence to the structure of the body a psychological injury is not compensable."

The scope of review on an appeal from a decision of the Board is limited to a determination of whether the Board committed an error of law or made findings of fact unsupported by substantial evidence. *Talmo v. New Castle County*, Del.Super., 444 A.2d 298, aff'd 454 A.2d 758 (1982). The term "substantial evidence" has been defined as evidence that is more than a mere scintilla and affords a substantial basis of fact which a reasonable mind would accept as adequate to support a conclusion. *Olney v. Cooch*, Del.Supr., 425 A.2d 610 (1981).

■ Questions of statutory interpretation, of §§ 2301(12) and 2304, lie at the foundation of the present dispute. Section 2301(12) provides,

> "Injury" and "personal injury" mean violence to the physical structure of the body, such disease or infection as naturally results directly therefrom when reasonably treated and compensable occupational diseases and compensable ionizing radiation injuries *arising out of and in the course of employment.* (Emphasis supplied).

Section 2304 states,

> Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation *for personal injury or death by accident arising out of and in the course of employment,* regardless of the question of negligence and to the exclusion of all other rights and remedies. (Emphasis supplied).

Though courts in this jurisdiction have clearly recognized the compensability of psychological illnesses when they are preceded by physical injuries, *Rice's Bakery v. Adkins,* Del.Supr., 269 A.2d 215 (1970); *Fiorucci v. C.F. Braun & Co.,* Del.Super., 173 A.2d 635 (1961), there has been a paucity of decisions addressing the issue of whether psychological illnesses are compensable if preceded by mental or emotional stresses in the workplace.

After careful examination of the terms of §§ 2301(12) and 2304, and the respective positions of the parties, the Court finds itself in concurrence with the majority position in other jurisdictions and leading commentators in the field, and holds that psychological illnesses can be compensable under the Act even if not preceded by physical trauma. See *Larson's Workmen's Compensation for Occupational Injuries and Death,* § 42.23 (1985); *Wolfe v. Sibley, Lindsay & Curr. Co.,* N.Y.App., 36 N.Y.2d 505, 369 N.Y.S.2d 637, 330 N.E.2d 603 (1975); *Yocom v. Pierce,* Ky.Supr., 534 S.W.2d 796 (1976).

Professor Larson has defined "personal injury" to include "... any harmful change in the body. It need not involve physical trauma, but may include such injuries as disease, sunstroke, nervous collapse, traumatic neurosis, hysterical paralysis and neurasthenia." *Larson's Worker's Compensation Law,* § 42.00 (1982). This nonrestrictive view indicates an awareness that "... the human body consists of bone, flesh, ligaments, and nerves, controlled by the brain ...", and that "... the fact that the stimulus is gradual, in the form of sustained tension, worry, strain, frustration, or harassment, does not, in the opinion of the majority of the Courts that have dealt with the question, make nervous injury any the less compensable than if it were caused by sudden shock." *Indemnity Insurance Co. of North America v. Loftis,* Ga.App., 103 Ga.App. 749, 120 S.E.2d 655 (1961); *Larson's Workmen's Compensation for Occupational Injuries and Death,* supra, § 42.23(b); *Bailey v. American General Insurance Company,* Tex. Supr., 154 Tex. 430, 279 S.W.2d 315 (1955).

The fact that an employee had a latent emotional weakness or predisposition has not resulted in a denial of compensation so long as a causal connection between the stressful work environment and the manifestation of that psychological illness can be shown. *Carter v. General Motors Corp., Chevrolet G. & A. Div.*, Mich.Supr., 361 Mich. 577, 106 N.W.2d 105 (1960); *Deziel v. Difco Laboratories, Inc.*, Mich.Supr., 394 Mich. 466, 232 N.W.2d 146 (1975); *Albanese's Case*, Mass.Supr., 378 Mass. 14, 389 N.E.2d 83 (1979).

The argument that the phrase in § 2301(12), "... violence to the physical structure of the body ..." must exclusively refer to physical trauma such as when one is struck by an object is initially persuasive, but further reflection upon the beneficent purposes of the Act and the exclusivity provision in § 2304, leads the Court to resist this niggardly construction. The interpretation of the above phrase by the Court is no more expansive than that made by courts interpreting similar statutes in other jurisdictions, and it possesses the incidental virtue of preventing the assertion of inconsistent positions by an employer before the Board and before a court, as was seen in the present case, in an effort to deprive the employee of any remedy for his injuries.

Turning now to consider both the facts of the present case in light of the above discussion, and the contentions raised by Chrysler in its cross appeal, it becomes evident that the Board erred as a matter of law in holding that compensation would be denied to those suffering from psychological injuries that were not preceded by physical injuries. However, several of the propositions advanced by Chrysler in its cross appeal have merit as well, so it would be inappropriate at the present time to make a determination as to Battista's entitlement to compensation.

■ Pursuant to § 2345 of the Act, the Board has a duty to set forth in detail its proper conclusions of fact and findings of law. *Farley v. Sears, Roebuck & Company*, Del.Super., 258 A.2d 293 (1969). Ab-

sent the above, the orderly process of administrative review suffers because the reviewing court cannot properly exercise its function. *Barnes v. Panaro*, Del.Supr., 238 A.2d 608 (1968).

As Chrysler points out, the Board's "Conclusions of Fact and Rulings of Law" provide a lengthy recitation of the testimony of Drs. Villafuerte and Raskin, but there is no clear indication of which portions of their testimony were accepted and which were rejected. The Board did note that it accepted Dr. Villafuerte's "credible diagnosis" and agreed with both psychiatrists as to causal link between work-related stress and Battista's psychological illness. However, the Board then proceeded to cloud its conclusions as to causation by listing a series of other "... conflicts [outside of the workplace] which could have caused psychological changes...." Though the inclusion of these external conflicts may be designed to show the Board's awareness, but at the same time attachment of little significance to them, it is not the function of this Court to make such an inference.

Additionally, the Board has made internally inconsistent statements, first declaring, "... [w]e find there has been no violence to the physical structure of this claimant's body ...", and later noting that, "... [t]he claimant's physical violence occurred after, and as a result of, his psychological changes." While the former statement may be subsequently amended upon remand in accordance with the standards established above, and the latter statement may have been made in light of Dr. Raskin's definition of a panic disorder as being "... expressed in physical symptoms ...", this lack of clarity in administrative decision making renders the Court unable to properly exercise its reviewing function.

For the reasons herein stated, it is the judgment of this Court that the decision of the Board must be reversed, as it incorrectly construed 19 *Del. C.* §§ 2301 and 2304 to deny compensability for psychological illnesses which are not preceded by physical

injuries. The matter is, accordingly, remanded to the Board with an instruction to adhere to the standards set forth herein, and to state in detail its conclusions of fact and findings of law.

IT IS SO ORDERED.