SUPERIOR COURT
OF THE
STATE OF DELAWARE

T. HENLEY GRAVES
*RESIDENT JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
(302) 856-5257

November 7, 2016

Walt F. Schmittinger, Esquire
Schmittinger & Rodriguez
414 S. State Street
P.O. Box 497
Dover, Delaware 19903

H. Garrett Baker, Esquire
Elzufon Austin Reardon Tarlov & Mondell
300 Delaware Avenue, 17th Floor
P. O. Box 1630
Wilmington, Delaware 19801

**Re:** *Torres-Molina v. Allen Family Foods,*
**C.A. No. S16A-05-001 THG**

On Appeal from the Industrial Accident Board: AFFIRMED

Date Submitted: September 29, 2016
Date Decided: November 7, 2016

Dear Counsel:

In this appeal, the Court considers whether the Industrial Accident Board (the "Board") erred in denying Mergilda Torres-Molina's request for reimbursement of medical expert witness fees. For the reasons set forth herein, the Board's decision is affirmed.

## A. Factual and Procedural Background

While working for Allen Family Foods ("Employer"), Merglida Torres-Molina ("Employee") sustained an injury to her lower back on January 13, 2015. On November 16, 2015, Employee filed a Petition with the Board seeking acknowledgment of her work injury, payment of medical expenses, and lost wages. The last claim was withdrawn as Employee was, in fact, able to continue working following her injury.

Via letter dated February 29, 2016, Employer sent a formal offer of settlement to Employee. This letter acknowledged Employee's claim as compensable and advised that Employer had paid all medical bills of which it was aware. Further, Employer asked Employee to provide documentation of any outstanding medical expenses.

Employee responded to the settlement offer on March 14, 2016, and advised she would accept the offer if Employer agreed to pay the expert witness fee for the deposition of Aaron Green, M.D., taken on March 14, 2016.

The matter proceeded to a hearing before the Board on March 31, 2016. At the hearing, counsel for Employee identified the sole issue before the Board: the payment of Dr. Green's deposition fees. Dr. Green's deposition was admitted as an exhibit. In that deposition, Dr. Green testified that the treatment he provided to Employee was medically reasonable and necessary. Dr. Green also testified that, pursuant to his office's cancellation policy, his office does not charge a fee for a deposition cancelled a week ahead of the date for which it is scheduled.

By way of written decision mailed April 15, 2016, the Board denied Employee's request for payment of Dr. Green's deposition fees. This appeal followed.

**B.     Discussion**

The Supreme Court and this Court have repeatedly emphasized the limited appellate review of the factual findings of an administrative agency.[1] The Court's review of the Board's decision is confined to an examination of the record for errors of law and a determination of whether substantial evidence

---

[1] *General Motors Corp. v. Freeman*, 164 A.2d 686, 688 (Del. 1960); *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66-67 (Del. 1965).

exists to support the Board's findings of fact.[2] Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[3] The appellate court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[4] It merely determines if the evidence is legally adequate to support the agency's factual findings.[5]

On appeal, Employee raises two arguments. First, she contends the Board erred in concluding the sole issue before it was the responsibility of Employer to pay for outstanding medical expert fees. Employee now argues the Board should have awarded her all medical expenses that were outstanding at the time of the Board hearing. Thus, Employee avers the Board also erred in not awarding Employee Dr. Green's deposition fee.

The Court finds the first argument disingenuous. This matter does not involve the enforcement of an employer's agreement to pay medical expenses incurred in the course of treatment. No outstanding bills were presented at the hearing and there is no evidence that, at the time of the hearing, Employer had failed to pay any of Employee's medical expenses. Employee cites law on the enforceability of agreements to pay in an effort to secure Dr. Green's deposition fee. That law simply does not apply here.

The Court concludes the Board correctly identified the issue at hand and its decision to deny

---

[2] *Histed v. E.I. Du Pont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).

[3] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994); *Battista v. Chrysler Corp.*, 517 A.2d 295, 297 (Del. Super. 1986).

[4] *Johnson*, 213 A.2d at 66.

[5] 29 *Del. C.* § 10142(d).

Employee's request for Dr. Green's fee is free from legal error and supported by substantial evidence. Employee's counsel possessed a formal settlement offer to pay all medical expenses as of February 29, 2015, and failed to communicate it to his client due to a language barrier. Instead of reaching out to opposing counsel and acknowledging receipt of the offer and requesting additional time to respond, counsel simply allowed the deposition to proceed as scheduled. However, there was no need to continue with the deposition when Employer had acknowledged Employee's injury as a compensable, work-related injury. Dr. Green testified his office would not charge for a deposition cancelled a week prior. Counsel received Employer's offer and acknowledgment of compensability two weeks prior to the scheduled deposition. By permitting the deposition to go forward, unnecessary expenses were incurred. The Board did not err in failing to pass that unnecessary expense on to Employer.

## C.   Conclusion

For the reasons set forth herein, the Board's decision declining to award Employee medical expert fees is AFFIRMED.

IT IS SO ORDERED.

Very truly yours,

*/s/ T. Henley Graves*

T. Henley Graves

oc:   Prothonotary
cc:   Industrial Accident Board