SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

September 1, 2017

Linda Charleron
304 Grant Street
Seaford, DE 19973

> RE: *Linda Charleron v. Premier Staffing Solutions and the Unemployment Insurance Appeal Board*
> *C.A. No. S17A-05-002-ESB*
> Date Submitted: August 23, 2017

Dear Ms. Charleron:

This is my decision on your appeal of the Unemployment Insurance Appeal Board's dismissal of your claim for unemployment benefits because you did not appear for a hearing before the Board on your appeal of the Appeals Referee's finding that you were not entitled to unemployment benefits. You were employed by Premier Staffing Solutions, a temporary staffing firm. On February 23, 2017, you informed Premier Staffing Solutions that your night-shift assignment had ended. On February 27, 2017, Premier Staffing Solutions offered you a position as housekeeper at the Sea Esta Motel. This position was a day-shift job. You declined that position because you go to school during the day. Premier Staffing Solutions terminated your employment because you refused an offer of work. You then filed a claim for unemployment benefits with the Department of Labor on October 10, 2016. Premier

Staffing Solutions opposed your claim.

The Claims Deputy and Appeals Referee decided that you were ineligible for unemployment benefits, reasoning that you had declined a reasonable job opportunity. You then filed an appeal with the Board. The Board sent you a written notice setting forth the date, time and location of the hearing on your appeal. The written notice also told you that your "failure to appear for your hearing in a timely manner could result in your appeal being dismissed." You did not appear for your hearing in a timely manner. Your hearing was scheduled for 9:00 a.m. By your own admission, you arrived around 9:16 a.m. The Board dismissed your appeal after waiting the customary 10 minute grace period. You have now filed an appeal of the Board's decision with this Court.

**STANDARD OF REVIEW**

The Supreme Court and this Court repeatedly have emphasized the limited appellate review of the factual findings of an administrative agency. On appeal from a decision of the Board, this Court is limited to a determination of whether there is substantial evidence in the record sufficient to support the Board's findings, and that such findings are free from legal error.[1] Substantial evidence means such relevant

---

[1] *Unemployment Ins. Appeals Board of the Dept. of Labor v. Duncan*, 337 A.2d 308, 309 (Del. 1975).

evidence as a reasonable mind might accept as adequate to support a conclusion.[2]

The Board's findings are conclusive and will be affirmed if supported by "competent evidence having probative value."[3] The appellate court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[4] It merely determines if the evidence is legally adequate to support the agency's factual findings.[5] Absent an error of law, the Board's decision will not be disturbed where there is substantial evidence to support its conclusions.[6]

## DISCUSSION

You state that you arrived late to the hearing because you got lost trying to find the Board's location in Dover. You argue that you are entitled to unemployment benefits because (1) Premier Staffing Solutions knew you could not work a day-shift job because you went to school during the day, and (2) you did not refuse a job offer. This Court's appellate review of a Board decision is limited. Since the Board did not hold a hearing on the merits of your case, the only issue this Court can properly

---

[2] *Oceanport Ind. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. 1994); *Battista v. Chrysler Corp.*, 517 A.2d 295, 297 (Del. Super. 1986), *app. dism.*, 515 A.2d 397 (Del. 1986).

[3] *Geegan v. Unemployment Compensation Commission*, 76 A.2d 116, 117 (Del. Super. 1950).

[4] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[5] 29 *Del.C.* § 10142(d).

[6] *Dallachiesa v. General Motors Corp.*, 140 A.2d 137 (Del. Super. 1958).

3

address is whether or not the Board abused its discretion in dismissing your case.

This issue has been addressed previously in *Archambault v. McDonald's Restaurant*.[7]

In that case, the Court held:

> The Board maintains statutory authority to promulgate regulations designed to ensure the prompt and orderly determination of the parties' rights. In that regard, the Board has adopted Unemployment Insurance Appeals Board Rule B which provides in pertinent part, that "[a]ll parties are required to be present for a hearing at the scheduled time. Any party who is not present within 10 minutes after the scheduled start time for hearing shall be deemed to waive his right to participate in said hearing." The Court cannot conclude that the Board abused its discretion by dismissing Claimant's appeal. This Court has previously recognized "the importance of adhering to a hearing schedule to efficiently manage and dispose of cases and the need to enforce rules such as Rule B to engender cooperation from the interested parties."Thus, the Court concludes that the Board did not act arbitrarily by dismissing Claimant's appeal for failure to appear.[8]

The Board in this case did not abuse its discretion when it dismissed your appeal for not appearing on time for the hearing on your appeal. The Board followed its regulations. You were provided notice and an opportunity to be heard. The written notice informed you that your "failure to appear for your hearing in a timely manner can result in your appeal being dismissed." The Board waited the customary 10 minutes after the scheduled start time, but you failed to appear. The Board then

---

[7] 1999 WL 1611337 (Del.Super. Mar. 22, 1999); See also *Strazzella v. Joe Tejas, Inc.*, 2008 WL 376354 (Del Super. Feb. 12, 2008).

[8] *Id.* at 1999 WL 1611337, at *2.

properly dismissed your appeal. You were put on notice of the consequences of not appearing at the hearing on time. Therefore, you have no grounds to complain about the Board's dismissal of your appeal. The Board's decision is in accordance with the applicable law, supported by substantial evidence in the record, and not an abuse of discretion.

## CONCLUSION

The Unemployment Insurance Appeal Board's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ E. Scott Bradley*

E. Scott Bradley

ESB/sal
cc:    Prothonotary
       Unemployment Insurance Appeal Board
       Premier Staffing Solutions