# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SHERRY RENN LAMBERTSON,   )
  )
    Appellant,   )
  )    C.A. No. N21A-09-008 FWW
  )
    v.   )
  )
DELAWARE BOARD OF SOCIAL   )
WORK EXAMINERS   )
  )
    Appellee,   )

Submitted: February 1, 2022
Decided: April 26, 2022

## OPINION AND ORDER

*On Appeal from the Delaware Board of Social Work Examiners,*
**AFFIRMED.**

Gary W. Alderson, Esquire, WOLOSHIN, LYNCH, & ASSOCIATES, 3200 Concord Pike, Wilmington, DE, 19803; Attorney for Appellant.

Eileen Kelly, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 102 W. Water Street, Dover, DE, 19904; Attorney for Appellee.

**WHARTON, J.**

# I.     INTRODUCTION

Sherry Renn Lambertson ("Lambertson") appeals the decision of the Delaware Board of Social Work Examiners ("Board") dated September 20, 2021, denying her application for licensure as a baccalaureate social worker. Lambertson contends the Board did not afford her with due process because it did not provide her with a meaningful hearing free of legal errors. including the failure of She claims the Board failed to weigh substantial evidence in favor of licensure when making its decision and therefore abused its discretion. She claims she was denied due process because certain Board members refused to recuse themselves. Finally, Lambertson argues that the Board denied her due process in this appeal by failing to produce certain relevant transcripts in violation of Title 29 of the Delaware Code.

In this appeal, the Court must determine whether the Board's decision is supported by substantial evidence and free from legal error. Upon consideration of the pleadings before the Court and the record below, the Court finds that the Board's decision is supported by substantial evidence and is free from legal error. Accordingly, the Board's decision is **AFFIRMED**.

# II.     FACTUAL AND PROCEDURAL CONTEXT

On January 15, 2021, Lambertson filed an on-line application with the Board for licensure as a "Bachelors Social Worker" pursuant to 24 *Del. C.* § 3907B.[1]  At

---

[1] Appellant's Opening Br. at 4, D.I. 8.

its May 17, 2021 meeting, the Board the Board proposed to deny her application, determining she lacked a related bachelor's degree and the requisite one year of experience within the scope of bachelor's level social work.[2]

On June 1, 2021, Lambertson requested a hearing to contest the Board's proposed denial.[3] The Board held a hearing but denied Lambertson's request to have two Board members and the Board's President recuse themselves.[4]

The hearing was held on July 19, 2021. Lambertson presented evidence attempting to establish she possessed the required education and work experience.[5] She placed into evidence her letter in opposition to the Board's proposal to deny licensure, attached to which were her course descriptions; a letter from Pastor Jody Wood describing Lambertson's "large role" in her church's counseling ministry, together with a description of that ministry; a letter from State Fire Prevention Commission Chairman Ronald Marvel, who executed Lambertson's work verification form explaining how Lambertson's work related to her qualifications as a social worker; two redacted letters from recipients of Lambertson's care through her church's counseling ministry; a letter from Sheila Scotton, the Coordinator of Delaware's Juvenile Fire Setter Program, endorsing Lambertson's work with that

---

[2] *Id.*, at 5.
[3] *Id.*, at 6.
[4] *Id.*, at 5.
[5] *Id.*, at 5-6.

3

program; a redacted letter from an EMT who Lambertson helped with substance abuse issues; and a letter from Diana Zengler, DBS, who mentored Lambertson in her Biblical Counseling Practicum.[6]

At the hearing, Lambertson made a statement and answered questions from the Board.[7] She testified she had 15 years of experience as a church youth leader as well as years of experience in various organizations and boards, including the Opioid Crisis Committee, the Delaware Burn Camp, her church's counseling ministry, and the Juvenile Fire Setter Program.[8] Lambertson described her experience conducting psychosocial assessments, research, and data collection when she worked with the Delaware Burn Camp.[9] Specifically, Lambertson testified that she performed approximately 50 group psychosocial assessments in connection with her work with the Juvenile Fire Setter Coordinator and school counselors.[10] Finally, she was asked about her familiarity with the social work concept "person in environment."[11] She testified that she was unfamiliar with that concept.[12]

The Board determined that the curriculum and course work for Lambertson's bachelor of arts degree from Master's International University of Divinity lacked

---

[6] *Id.*
[7] *Id.*, at 6.
[8] Tr., at 12-14.
[9] *Id.*, at 16-19.
[10] *Id.*
[11] *Id.* at 20-21.
[12] *Id.*

basic educational courses essential to bachelor's level social work.[13] The Board also determined that Lambertson's work experience did not fall within bachelor's level social work.[14] She was unfamiliar with the person in environment concept – a basic principle of social work – and her work did not involve bachelor level skills such as assessments.[15] The Board concluded that her ministerial experience, while admirable, was not social work.[16]

### III. THE PARTIES CONTENTIONS

Lambertson argues she was denied due process by the Board. Specifically, Lambertson claims the Board ignored substantial evidence that she was in fact "qualified for licensure, misapprehended evidence presented, and created its own evidence;"[17] abused its discretion and engaged in arbitrary and capricious actions; and failed to provide her with the statutorily required audio recordings of the May public meeting.[18]

Lambertson asserts that she does have the proper qualifications required by the statute and that she produced sufficient evidence at the hearing to show she had both the proper work and educational experience.[19] She relies on the letters from

---

[13] Board's Decision and Order (Sept. 20, 2021) at 4.
[14] *Id.*
[15] *Id.,* at 4-5.
[16] *Id.* at 5.
[17] *Id.*
[18] Appellant's Opening Br. at 11, D.I. 8.
[19] *Id.*, at 15-18.

fire school supervisor Ronald Marvel and Sheila Scotton of the Delaware Burn Camp, Pastor Jody Wood, and others, to satisfy the work experience requirement."[20] She also submitted course descriptions from Master's International University of Divinity as well as a letter from her mentor in her Biblical Counseling Practicum to show her course work met the statutory requirements.[21]

Lambertson contends that her experience with International Ministerial Fellowship and The Delaware Behavioral and Emotional Support Team, which included assistance to victims and first responders, qualified as relevant work experience.[22] Further, she contends her service with other organizations, such as her church's counseling ministry, gave her experience in working with individuals and groups pertaining to drug and alcohol abuse and mental health conditions.[23] In support of these claims, she cites Ronald Marvel's work verification submission in which he checked "yes" to 13 of the 16 questions about Lambertson's practice within the scope of a bachelor's social worker.[24]

Lambertson claims that the Board failed to create and produce a record of the May 17th hearing at which the Board proposed to deny her application, as required

---

[20] *Id.*
[21] *Id.,* at 18.
[22] *Id.*
[23] *Id.* at 13.
[24] *Id.*

6

by 29 *Del. C.* §§ 10117(2) and 10125(d).[25]  Lambertson asserts that because the Board failed to produce the audio recordings of that hearing, she had no way to ascertain how the Board reached the conclusion that she was not qualified, or for that matter how the Board decided other "grandfather" applications.[26]  Only the minutes of the meeting were produced, and they merely state that the reason for denial was because the "required education does not meet the standard for LBSW along with verification of experience."[27]

Lambertson contends that she was denied due process when her request for certain Board members to recuse themselves was denied.[28]  Specifically, she had requested the Board president to recuse herself because "she once had a professional relationship with Applicant Lambertson involving other persons."[29]  She asked that two other Board members recuse themselves, because those two Board members allegedly treated Lambertson's attorney disrespectfully when he appeared at a disciplinary hearing in another matter.[30]

The Board argues that the decision of the Board was based on substantial evidence in the record and did not constitute an abuse of discretion.[31]  Upon

---

[25] *Id.* at 14.
[26] *Id.*, at 14-15.
[27] *Id.*, at Ex. 4.
[28] *Id.*, at 19.
[29] *Id.*, at Ex. 8.
[30] *Id.*
[31] Appellee's Answering Br. at 9, D.I. 11.

reviewing the academic transcript presented by Lambertson, the Board determined the "transcript did not show basic social work education courses."[32] Specifically, it lacked ethics and social work-related courses.[33] Further, although her supervisory reference form indicated that she had performed various skill, her testimony did not support the form, nor was she able to provide good examples of those skills.[34] In particular, Lambertson was unable to establish in her testimony that she had performed psychosocial assessments, a core competency of baccalaureate social work.[35]

According to the Board, Lambertson was afforded all applicable due process protections.[36] The burden was on Lambertson to demonstrate entitlement to a license, and the Board's determination that Lambertson did not meet her burden is supported by substantial evidence.[37] Additionally, the Board argues that the absence of a transcript of the May 17th hearing was not a violation of Lambertson's due process rights under *Richardson v. Board of Cosmetology and Barbering of the State of Delaware*[38] because *Richardson* only requires transcripts for contested hearings

---

[32] *Id.,* at 13-14.
[33] *Id.,* at 14.
[34] *Id.*
[35] *Id.*
[36] *Id.* at 16.
[37] *Id.,* at 16-17.
[38] 69 A.3d 353, 357-58 (Del. 2013).

and the May 17th hearing was not a contested hearing.[39]  Nor was the Freedom of Information Act ("FOIA")[40] violated because FOIA does not require verbatim minutes for public meetings.[41]  Moreover, Lambertson has not demonstrated prejudice from the lack of a transcript.[42]  Lastly, the Board argues that Lambertson's due process rights were not violated when the Board members refused to recuse themselves.[43]

## IV.  STANDARD OF REVIEW

Any party in which a case decision has been rendered may appeal the Board's decision to this Court.[44]  The Board's decision must be affirmed so long as it is supported by substantial evidence and is free from legal error.[45] Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion.[46] While a preponderance of evidence is not necessary, substantial evidence means "more than a mere scintilla."[47] Questions of law are reviewed *de novo*,[48] but because

---

[39] Appellee's Answering Br., at 17-18, D.I. 11.
[40] 29 *Del. C.* § 10004(f).
[41] Appellee's Answering Br., at 18, D.I. 11.
[42] *Id.*
[43] *Id.*
[44] 29 *Del. C.* § 10142(a).
[45] *Conagra/Pillgrim's Pride Inc. v. Green*, 2008 WL 2429113, at *2 (Del June 17, 2008).
[46] *Kelley v. Perdue Farms*, 123 A.3d 150, 153 (Del. Super. 2015) (citing *Person-Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1161 (Del. 2009)).
[47]  *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988).
[48] *Kelley*, 123 A.3d at 152-53 (citing *Vincent v. E. Shore Markets*, 970 A.2d 160, 163 (Del. 2009)).

the Court does not weigh evidence, determine questions of credibility, or make its own factual findings,[49] it must uphold the decision of the Board unless the Court finds that the Board's decision "exceeds the bounds of reason given the circumstances."[50]

## V.   DISCUSSION

### A. The Decision of the Board is Based on Substantial Evidence in the Record and Does Not Constitute as an Abuse of Discretion.

The Board decided Lambertson's application based on substantial evidence and did not abuse its discretion.  The State has a valid interest in licensing requirements for social workers.[51]  Delaware's General Assembly granted the Board the authority to regulate these licenses under Title 24, Chapter 39 of the Delaware Code in order to "protect the general public … from unsafe practices" and to "maintain minimum standards of licensee competency[.]"[52]

Pursuant to Chapter 39, a bachelor's level of social work is required to obtain a license.[53]  "Baccalaureate social work" means an "application of social work

---

[49] *Bullock v. K-Mart Corp.*, 1995 WL 339025, at *2 (Del. Super. May 5, 1995) (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66-67 (Del. 1965)).

[50] *Bromwell v. Chrysler LLC*, 2010 WL 4513086, at *3 (Del. Super. Oct. 28, 2010) (quoting *Bolden v. Kraft Foods*, 2005 WL 3526324, at *3 (Del. Dec. 21, 2005)). *See also* 29 *Del. C.* § 10142(d).

[51] *Fink v. Board of Examiners of Psychologists*, 693 A.2d 321, 324 (Del. Super. 1996).

[52] 24 *Del. C.* § 3901.

[53] 24 *Del. C.* § 3902(4).

theory, knowledge, methods, ethics, and the professional use of self to restore or enhance social, psychosocial, or biopsychosocial functioning of individuals, couples, families, groups, organizations, and communities."[54] If an individual can provide evidence of one year of work experience immediately preceding the application within the scope of Chapter 39 as well as a baccalaureate degree in social work or other related degree acceptable to the Board, then an applicant can receive a license through the "grandfather" provision of Chapter 39.[55]

Here, the Board made its decision based on Lambertson's experience and education and concluded Lambertson did not meet the standards the statute requires. Upon reviewing Lambertson's transcripts and course descriptions, the Board determined the degree Lambertson holds did not satisfy Chapter 39's requirements as a related degree because her curriculum and course work lacked basic educational courses essential to bachelor's level social work.[56] Furthermore, during the hearing, the Board determined Lambertson lacked an understanding of some basic social work concepts. During the hearing, the Board asked:

> Q.  And then would you be able to help me understand
> how the concept of PIE, which is an acronym used
> in the social work profession, applies to some of the
> wonderful experiences that you have had.

---

[54] *Id.*

[55] 24 *Del. C*. § 3907B(c)(2)b.

[56] Board's Decision and Order (Sept. 21, 2021), at 4.

11

A. No. I don't – I – you would have to help me understand what you're saying.

Q. Okay. No problem. PIE is an acronym for person in environment, which is the foundation for social work. And I didn't know how you integrated that concept into the services that you provided to, … the Delaware Fire Prevention or the emergency technicians. …

A. Yeah. I don't have an educated answer for you on that. That's – that's the first that I have heard of that.[57]

The Board also determined that Lambertson did not have the requisite work experience, specifically the experience independently conducting psychosocial assessments. When asked how many psychosocial assessments Lambertson has conducted in her career, her answer was "50".[58] The testimony went further:

Q. And what did the psychosocial assessments consist of?

A. Well, it would be me working with the team. … It would be a group effort.[59]

The Board was concerned with the assessments, in that none were conducted independently.[60]

---

[57] Tr., at 20-21.
[58] *Id.,* at 20.
[59] *Id.*
[60] Board's Decision and Order (Sept. 21, 2021), at 5.

The Board, rather than the Court is better positioned, based on its experience and expertise, to determine whether granting a license to Lambertson advanced the purpose of regulating the social work profession, i.e., public protection. In fact, "The Court, when factual determinations are at issue, shall take due account of the experience and specialized competence of the agency and of the purposes of the basic law under which the agency has acted."[61]  Distilled to its essence, Lambertson's argument is that the Court should weigh the evidence presented at the July hearing and make its own factual findings, and that the Court's findings should be contrary to the Board's.  That is not the Court's role.  The Court merely determines whether the Board's decision is supported by substantial evidence and is free of legal error.  It is. Giving due account to the experience and specialized competence of the Board, the Court finds that the Board did not abuse its discretion when weighing the evidence.  Thus, the Board properly weighed substantial evidence and reached its conclusion free from legal error.

## B. The Board Properly Afforded Lambertson All Applicable Due Process Protections.

Lambertson was not denied due process.  Recordings and transcripts of recordings of the May 17th hearing were not required under *Richardson.*  The court

---

[61] *Bezilla v. Board of Medical Licensure and Discipline,* 2006 WL 2382793 (Del. Super. Ct. June 29, 2006).

in *Richardson* held that a record is required for "contested" hearings.[62] No contested hearing took place in May. Rather, it was a hearing to review Lambertson's application. Furthermore, FOIA does not require exact minutes for public meetings.[63]

The refusal of Board members to recuse themselves did not violate Lambertson's right to due process. No prejudice was alleged.[64] Moreover, the request for Board President Franklin to recuse herself was too vague and lacking in detail to establish a basis for recusal on this record. Similarly, there is no record in this appeal for the Court to review to assess the allegations of Lambertson's attorney that two other Board members treated him disrespectfully in an unrelated matter. Certainly nothing in the transcript of Lambertson's hearing reflected animosity toward counsel.

---

[62] *Richardson,* at 357-58.
[63] 29 *Del. C.* § 10004(f).
[64] Appellant's Opening Br. at 22, D.I. 8.

## VI.   CONCLUSION

The Court finds that there is substantial evidence to support the Board's decision, and that decision is free from legal error.  The Court further finds that Lambertson's due process rights were not violated.  Therefore, the decision of the Board is **AFFRIMED**.


**IT IS SO ORDERED.**


/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.
