In the Matter of the Application of ARTHUR J. GOODWIN, Petitioner, for an Order to Review the Proceedings of CARROLL E. MEALEY, Commissioner of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Onondaga County, February 3, 1940.

*Stone, Marvin & Hand* [*Ray Bush* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Irving H. Lessen* of counsel], for the respondent.

CREGG, J. This is a proceeding brought by petitioner pursuant to article 78 of the Civil Practice Act to review the action of the Commissioner of Motor Vehicles of this State which revoked his driving license for alleged violations of the Vehicle and Traffic Law. The offense claimed to have been committed by him occurred on July 6, 1939. A hearing on the revocation of his license was held August 3, 1939. Petitioner herein was represented by counsel. Considerable evidence was taken by the Bureau of Motor Vehicles at its Syracuse office. At that time a police officer named Barry, although subpœnaed, did not attend. The hearing was adjourned until the following day and the officer did not appear at that time, whereon the proceeding was adjourned without date for the purpose of taking Officer Barry's testimony. Whereupon petitioner's attorney requested Mr. William Glasheen, Deputy Commissioner, who was in charge of the hearing, that he be notified of the date when Officer Barry was to appear so that he, the attorney, could appear and cross-examine him. Mr. Glasheen replied, " In the event that we have a further hearing when we subpœna Officer Barry we will notify you."

Later an affidavit was procured by the Commissioner from Officer Barry and received in evidence. In addition the testimony of Victor Garman, another witness, was taken at a hospital but petitioner or his attorney were not present and were not permitted to cross-examine either one. Petitioner's license was suspended on the ground that he had violated section 58 of the Vehicle and Traffic Law, *i. e.*, reckless driving.

It is now contended by the petitioner that the testimony of both Officer Barry and Victor Garman was very important; that substantial rights of petitioner were jeopardized and that he was prejudiced thereby in being denied the right to appear and to cross-examine these witnesses. Subdivision 3 of section 71 of the Vehicle and Traffic Law provides as follows: " Where revocation or suspension is permissive, the holder shall have an opportunity to be heard, except where such revocation or suspension is based solely on a court conviction or convictions."

The respondent claims that issues are raised by the petitioner concerning subdivisions 6 and 7 of section 1296 of the Civil Practice Act and, therefore, this proceeding must be transferred to the Appellate Division, Fourth Department, for determination.

Upon the presentation of the arguments in this proceeding a motion made by petitioner to amend his petition by striking therefrom paragraph " Eighth," was granted. That eliminates consideration of subdivisions 6 and 7 of section 1296 of the Civil Practice Act. So the question left for determination here is, whether or not substantial rights of petitioner were violated and he was prejudiced thereby.

Subdivision 5 of section 1296 of the Civil Practice Act reads in part as follows: " Whether, in making the determination, any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the petitioner."

In determining that question it must be remembered that the license which has been annulled is of substantial value to the petitioner. It is a permit issued according to law by the Motor Vehicle Bureau for him to drive an automobile, without which it would be unlawful for him to do so. He has a vested right therein which cannot be taken from him capriciously or arbitrarily.

In a proceeding of this kind the Commissioner of Motor Vehicles is given quasi-judicial functions which he must exercise in a legal manner. The revocation of petitioner's license was not based upon a conviction; therefore, it can only be revoked after a hearing and upon good cause based upon competent legal testimony. Petitioner has a right to be confronted with the witness at such hearing and given an opportunity to cross-examine his accusers. That is the only way he can secure a fair hearing. (*Matter of Yates* v. *Mulrooney,* 245 App. Div. 146, 149; *Matter of Brenner* v. *Bruckman,* 253 id. 607, 609; affd., 278 N. Y. 503.)

Failure to give the accused an opportunity to be heard in his own defense and to cross-examine his accusers violates a basic right secured to every citizen by our Constitution.

In my opinion, substantial rights of the petitioner were violated to his prejudice when the Commissioner received the affidavit of the witness Barry and the testimony of the witness Garman without giving the petitioner an opportunity to be confronted by his accusers and to cross-examine them or either of them.

Petitioner's application to vacate the order of revocation of petitioner's license is granted.

Order may be entered accordingly.