**In the Matter of Charles J. SWEENEY, Jr., Appellant.**

Superior Court of Delaware.

New Castle.

Sept. 24, 1969.

Francis A. Reardon, Deputy Atty. Gen., for the State.

Frank J. Gentile, Jr., Wilmington, for appellant.

STIFTEL, President Judge.

This is an appeal from an order of the Motor Vehicle Commissioner revoking appellant's driver's license for a period of six months for his failure to consent to submit to a chemical test for the purpose of determining the alcoholic content of his blood, under the authority of the provisions of 21 Del.Code § 2737.

Defendant was stopped by a police officer at 2:15 A.M. on May 7, 1969. He was arrested on the charge of driving under the influence. The arresting officer delivered to the Motor Vehicle Department his sworn written report of the refusal of appellant to submit to the test, stating that he had reasonable grounds to believe that the person was driving his vehicle while under the influence prior to his arrest.

On receipt of the report, the Commissioner suspended appellant's license.

Within the time allowed by statute—on May 21, 1969—appellant filed a written request for hearing with the Motor Vehicle Commissioner. Appellant appeared before the Commissioner on June 10, 1969. The arresting officer did not appear at the hearing. Appellant testified that the officer's report was mistaken and that the officer had failed to comply with the requirements of Section 2737(c).[1] There was no testimony

1. This subsection reads as follows:
"(c) If the person after his arrest refuses to submit to the chemical test when requested to do so, the test shall not be given but the arresting officer shall cause to be delivered to the Department his sworn report of the refusal, stating that he had reasonable grounds to believe that the person was driving a motor vehicle while under the influence of intoxicating liquor prior to the arrest. Upon receipt of the report, the Commissioner shall sus-pend the person's license or permit to drive a motor vehicle, or the privilege to drive a motor vehicle within this State if such person is a non-resident, and give written notice thereof to such person in the manner provided in section 2736 of this Title 21, such suspension to become effective upon the expiration of 4 days after personal delivery or deposit of such notice as provided in section 2736. If within 14 days after such personal delivery or deposit of notice, such

to the contrary at the hearing. In fact, the officer was not present because he was not requested by the Commissioner to be present. Thus, on the state of the record, there is no testimony that controverts the sworn testimony of the defendant; and it is this record that is before this Court.

 Appellant was entitled to a hearing. The statute says so. This means a "fair" hearing. A suspension or revocation hearing before the Commissioner need not have all the procedures and formalities of a court action in order to meet the requirements of due process, but a defendant has a right to be confronted by his accuser. See Glenn v. Commissioner of Dist. of Col., D.C.Mun.App., 146 A.2d 575, 576; Anno: "Driver's License—Revocation", 10 A.L.R. 2d 833, 846. Substantial rights of petitioner were violated to his prejudice when the Commissioner received the officer's report in lieu of the officer's testimony. See Application of Goodwin, 173 Misc. 169, 17 N.Y.S.2d 426, App., 20 N.Y.S.2d 1019. Appellant cannot be denied his driver's license by a procedure before the Commissioner that is, in effect, a sham-hearing. See Schutt v. MacDuff, 205 Misc. 43, 127 N.Y.S. 2d 116, 125–128.

There is no official record of the testimony before the Commissioner. Defendant certified as to the proceedings.[2] It is clear that the police officer was not there. There is no counter-affidavit filed by the Commissioner as to what took place before him. In the absence of testimony supporting the

State's case against this defendant, I must decide for the defendant.

I order that the Commissioner vacate his order revoking defendant's license and that his driving privileges be restored.

---

person files written notice of request for hearing with the Motor Vehicle Commissioner, the Commissioner or his designated representative shall within 30 days of receipt of such notice, hold a hearing to determine whether the police officer had reasonable grounds to believe the person had been driving a motor vehicle upon the public highways of this State while under the influence of intoxicating liquor; whether the person was placed under arrest; whether he refused to submit to the requested test; and whether the person was informed that his privilege to drive would be re-

voked if he refused to submit to the test. The police officer shall inform the person at the time of requesting the test of the possible consequences of his refusal to submit to the test—namely, suspension and revocation of his license, permit or privilege to drive a motor vehicle within this State for a period of 6 months.

2. § 2737(e) permits an appeal to the Superior Court. Naturally, this is more effectively accomplished if there is a transcript of the proceedings below.