Robbin VANN, Petitioner
Below, Appellant,

v.

The TOWN OF CHESWOLD, a Municipal Corporation of the State of Delaware; Peter Diakos, individually and his official capacity as the Mayor of the Town of Cheswold; Richard Ziegenhorn, individually and in capacity as Vice–Mayor of the Town of Ches-

wold and member of the Town of Cheswold Town Council; Conchetta Edel, James O. Plummer, III, and Robert W. Sine, individually and in their capacities as members of the Town of Cheswold Town Council, Respondents Below, Appellees.

Nos. 445, 2006, 448, 2007.

Supreme Court of Delaware.

Submitted: Feb. 20, 2008.
Decided: Feb. 27, 2008.

Benjamin A. Schwartz, Schwartz & Schwartz, Dover, Delaware, for appellant.

William W. Pepper, Sr., Schmittinger & Rodriguez, P.A., Dover, Delaware, for appellees.

John F. Brady, Brady, Richardson, Beauregard & Chasanov, LLC, Georgetown, Delaware, for Intervenor.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the court en banc.

STEELE, Chief Justice.

Robbin Vann, appellant, challenges his termination as the Town of Cheswold's police chief. A Superior Court judge determined that Cheswold established "just cause" for Vann's removal as required under 11 *Del. C.* § 9301(a). Vann argues that the trial judge improperly interpreted "just cause" as a "fair and honest cause or reason." Instead, he claims "just cause" under section 9301 means "a willful or wanton act in violation of either the employer's interest, or of the employee's duties, or of the employee's expected standard of conduct."[1] After reviewing the record including Cheswold's fifteen proffered reasons for Vann's termination, we find "just cause" for his termination even if we were to adopt Vann's interpretation of that term. Therefore, we **AFFIRM** the trial judge's order. However, to provide guidance for section 9301(a), we decline to follow Vann's and the trial judge's formulation of "just cause." Instead, we interpret "just cause" as any legally sufficient reason supported by job-related factors that rationally and logically touch upon the employee's competency and ability to perform his or her duties.

## FACTS AND PROCEDURAL HISTORY

Vann served as Cheswold's police chief. Cheswold terminated Vann's employment after the Town Council held a due process public hearing ("Town Council hearing") as required under section 9301. Vann appealed and a Superior Court judge found that the Town Council hearing did not provide an unbiased due process hearing. Cheswold appealed that decision. We reversed and remanded holding that Vann's bias claim lacked sufficient evidence and that Vann waived any bias claim.

On remand, the Superior Court judge reviewed the Town Council hearing and Cheswold's decision to terminate Vann. The trial judge held that substantial evidence supported the Town Council's finding "just cause" to terminate Vann. In making the determination, the judge defined "just cause" as "a fair and honest cause or reason." He further found that sufficient testimonial evidence supported all fifteen proffered reasons for Vann's termination: (1) Vann permitted officers to work overtime and disregarded a directive from the mayor and Town Council; (2) Vann refused to meet with the mayor and town manager; (3) Vann procured three mobile phones and allowed his wife and another officer to use them for personal calls; (4) Vann violated a directive from the mayor and Town council and provided another officer with a key to the police evidence room; (5) Vann was frequently away from his office during work hours; (6) Vann left work without closing the door to his office on one occasion; (7) Vann exhibited disrespect toward the mayor in the presence of other Cheswold employees; (8) Vann made purchases without following the Cheswold requisition and purchase order process; (9) Vann insubordinately failed to follow the mayor's guidance; (10) Vann approached the mayor with a closed fist, bumped the mayor's arm, and cause the mayor to fear for his safety; (11) Vann

---

**1.** Vann derives his definition of "just cause" from our unemployment compensation juris-
prudence. *See, e.g., Abex Corp. v. Todd*, 235 A.2d 271, 272 (Del.Super.1967).

scheduled officers to double coverage at some times while leaving no coverage at other times; (12) Vann made false and derogatory comments concerning the management of the Town of Cheswold; (13) Vann refused to speak with the Town Manager; (14) Vann falsified information to the mayor; (15) Vann refused to follow the mayor's written policies.

Vann has appealed the judge's determination.

## DISCUSSION

■ 11 *Del. C.* § 9301(b) provides a statutory right of appeal to terminated police chiefs, but fails to include a standard of review for appeals. Accordingly, we apply the same standard of review used for appeals from decisions of administrative agencies. We determine "whether the factual findings are supported by substantial evidence on the record before the agency." [2] We review any statutory interpretation *de novo*.[3]

On appeal, Vann does not challenge the sufficiency of the evidence. Instead, he argues that the Town Council and the judge misinterpreted "just cause" as that term is used in section 9301(a). Vann argues that the General Assembly, when it enacted section 9301(a), imported the definition of "just cause" from our unemployment compensation jurisprudence. Thus, Vann contends that "just cause" means "a willful or wanton act in violation of either the employer's interest, or of the employee's duties, or of the employee's expected standard of conduct." [4]

■ After reviewing the proffered reasons for Vann's termination and the testimony supporting it, we find that "just cause" existed even under Vann's more stringent definition. Of the fifteen reasons for Vann's termination—all of which are supported by testimonial evidence at the Town Council meeting—most indicate "willful or wanton act[s]" against Cheswold's interests, Vann's duties, and Vann's expected standard of conduct. We believe that each reason from #10 through #15 individually meet Vann's suggested definition of "just cause." Thus, the Superior Court judge properly affirmed the Town Council's determination of "just cause" for Vann's termination.

■ For guidance in further cases, we do not adopt Vann's proposed "just cause" definition. "Just cause" has many different meanings even within the Delaware Code. It is used in the employment context, in the unemployment compensation context, and in a plethora of other sections.[5] Although we recognize that Delaware law applies a "just cause" standard in the unemployment compensation arena, that definition is unsuitable in many other circumstances. "Just cause" for unem-

---

2. *Lehman Bros. Bank v. State Bank Comm'r,* 937 A.2d 95, 102 (Del.2007).

3. *Id.*

4. *See, e.g., Abex* 235 A.2d at 272.

5. *E.g.,* 5 *Del. C.* § 2902(f) (Commissioner may refuse license for *just cause);* 6 *Del. C.* § 2551(a) (Franchise cannot be terminated "unjustly," meaning without good cause); 9 *Del. C.* § 1381(4) (The Office of Human Resources shall discharge for *just cause* only); 12 *Del. C.* § 3902 (Parent named guardian if no *just cause* to the contrary); 14 *Del. C.* § 121(4) (Renewal of employment contract with the Department of Education may be denied for *just cause,* meaning, but not limited to, a reduction in force, inefficiency, or unsatisfactory performance of duties); 14 Del. C. § 2908(c)(2) (Local board of education may deny the transfer of a transportation contract only for just cause, which is limited to, financial stability, insurability, and record of service); 19 Del. C. § 2301B(d) (Removal of hearing officer may be made for just cause, meaning, but not limited to, reduction in force, inefficiency, or unsatisfactory performance).

ployment compensation purposes refers to the *reason why unemployment compensation* may be withheld from an employee.[6] An employee earns a right to unemployment compensation because his employer makes mandatory payments, on the employee's behalf, into the unemployment compensation program.[7] Thus, employees accrue a property-like right to unemployment compensation, which they may demand when unemployed. Where a former employer attempts to withhold that accrued property-like right, we require an especially good reason and demand heightened scrutiny of the proffered reason.

 But the right to employment, itself, is based in contract. An employee does not maintain a vested property-like interest in his continued employment. Thus, even though his contract or a statute might require "just cause" for his dismissal, that "just cause" does not impart the same definition as "just cause" in unemployment compensation.

 Although "just cause" may not invariably require heightened scrutiny, that does not imply *no* scrutiny. Rather, in the employment context and particularly here in the employment of police chiefs, the more traditional notion of "just cause" is appropriate. Black's Eighth Edition defines "just cause" and "good cause" as "a legally sufficient reason" and specifically in the employment law context "[i]ssues of 'just cause' or 'good cause' or simply 'cause' arise when an employee claims breach of the terms of an employment contract providing that discharge will be only for just cause. Thus, just cause is a creature of contract." [8] American Juris-

prudence, in the analogous area of civil service, describes "just cause" as:

> Under a statute requiring 'just cause' for the removal, discharge, or demotion of an officer or employee in the civil service, 'just cause' has been said to mean cause sufficient in law, or any cause which is detrimental to the public service; it does not require that the employee's action must have disrupted agency operations. Just cause for removal from civil service employment under a state civil service act has been said to exists [sic] only if the factors supporting removal are job-related and in some manner rationally and logically touch upon the employee's competency and ability to perform his duties.[9]

 Distilling these definitions, we hold that for purposes of section 9301, "just cause" means a legally sufficient reason supported by job-related factors that rationally and logically touch upon the employee's competency and ability to perform his duties. This definition clarifies that the reason for termination must be job-related and cannot simply be a trumped up pre-textual excuse for termination. In section 9301 cases, police procedure manuals and other reference guides about best practices will significantly help determine "legally sufficient reasons" for termination related to job performance and competency.[10] Finally, under our definition of "just cause," the fifteen proffered reasons clearly demonstrate that the Town Council had "just cause" to terminate Vann as police chief.

---

6. *See Abex* 235 A.2d at 272.

7. *See* 19 *Del. C.* 3345.

8. BLACK'S LAW DICTIONARY 235 (8th Ed.2004).

9. 15A AM. JUR.2d § 64.

10. *E.g.,* the International Association of Chiefs of Police provides a wealth of information about police chiefs and their role in law enforcement. *See* http://www.theiacp.org/ (last visited February 21, 2008).

## CONCLUSION

NOW, THEREFORE, IT IS OR-
DERED that the judgment of the Superi-
or Court is **AFFIRMED.**