**TOWN OF CHESWOLD, Defendant Below, Appellant,**

v.

**Robbin VANN, Plaintiff Below, Appellee.**

No. 103, 2010.

Supreme Court of Delaware.

Submitted: Oct. 27, 2010.

Decided: Nov. 29, 2010.

Ronald G. Poliquin of Chasanov & Schaeffer, Dover, Delaware, for appellant.

Benjamin A. Schwartz and Robert C. Collins, II of Schwartz & Schwartz, Dover, Delaware, for Appellee.

Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

STEELE, Chief Justice:

Robbin Vann, former Chief of Police for Cheswold, sued Cheswold and its Town Council members after they fired him. Vann asserted four primary claims. After trial on three of them, the jury returned a verdict for Vann. Cheswold now appeals the Superior Court's denial of its Motion for Judgment as a Matter of Law, its Motion for a New Trial, and its Motion to Set Aside Damages. We **AFFIRM**.

## I. FACTS AND PROCEDURAL HISTORY

On May 24, 2005, Cheswold held a public hearing to determine if it had "just cause" to fire Vann. At the meeting, Cheswold's mayor, Peter Diakos, presented fifteen reasons supporting termination, and the Town Council fired Vann the next day. On August 17, 2005, Vann appealed his termination to the Superior Court. He claimed: (1) the May 24 hearing did not comport with due process, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, (4) defamation, and (5) violation of the Whistleblowers' Protection Act because Cheswold fired him in bad faith on the basis of his taking legally protected whistleblower actions.[1] The Superior Court held that the hearing violated Vann's due process rights and declined to address his other claims.[2]

---

1. Specifically, Vann claimed that the town retaliated against him for reporting to the Delaware State Police and the Delaware Attorney General's office that he was investigating the Town Council for fabricating meeting minutes to reflect that the Council had voted to appoint Edward Ryan as Town Manager when, in fact, no vote had ever occurred.

The parties stipulated at trial that Vann's report was an act protected by the Whistleblowers' Protection Act—19 *Del. C.* § 1703—but they disputed the issue of retaliation.

2. *Vann v. Town of Cheswold,* 2006 WL 2382798, at *4 (Del.Super. July 26, 2006).

Cheswold filed an interlocutory appeal. This Court reversed the judgment of the Superior Court and remanded the case (*Vann I* ), ruling that the hearing did not violate Vann's due process rights.[3] On remand, the Superior Court determined that the record supported Cheswold's determination that it had "just cause" to fire Vann.[4] This Court affirmed that judgment on appeal (*Vann II* ).[5] Our opinion served as the final judgment with respect to the interlocutory appeal.

On May 15, 2008, after *Vann II*, Cheswold moved for summary judgment on Vann's remaining claims. Specifically, Cheswold argued that *Vann II* precluded Vann's implied covenant of good faith and fair dealing and Whistleblowers' Act claims. It also argued that any contrary evidence regarding Vann's termination— which would be necessary to prove the remaining claims—would have already been presented at the earlier proceedings and *res judicata* and collateral estoppel barred all of these claims. The Superior Court granted summary judgment on the breach of contract claim, but denied summary judgment on the three remaining

claims. In his opinion, the judge wrote that Cheswold's fifteen reasons may have been "sufficient for the act [of termination]," but may not have been, in fact, the actual reasons for termination. Therefore, there was still a genuine issue of material fact about the actual reasons for Vann's firing. The court also rejected the *res judicata* argument, concluding that the nature of the earlier proceedings did not require Vann to present the evidence that he would have to present to prevail on his three current claims; therefore, summary judgment on that basis was inappropriate. Cheswold has not appealed the Superior Court's denial of summary judgment on Vann's remaining three claims.

The Superior Court held a four day trial on the three remaining claims. After Vann rested his case-in-chief, Cheswold moved for judgment as a matter of law on all three claims under Superior Court Civil Rule 50.[6] The judge denied Cheswold's motion. At the end of the trial, Cheswold submitted a Motion for Judgment as a Matter of Law, which the judge again did not grant.[7] The jury returned a verdict

**3.** *Town of Cheswold v. Vann (Vann I)*, 947 A.2d 1123, 2007 WL 1201716, at *1 (Del. Apr. 23, 2007) (ORDER).

**4.** *Vann v. Town of Cheswold*, 2007 WL 2319775, at *5 (Del.Super.Aug. 2, 2007).

**5.** *Vann v. Town of Cheswold (Vann II)*, 945 A.2d 1118, 1120 (Del.2008).

**6.** Super. Ct. Civ. R. 50. Judgment as a matter of law in actions tried by jury; alternative motion for new trial; conditional rulings.

   (a)(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the Court may determine the issue against the party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be

maintained or defeated without a favorable finding on that issue.

   . . .

**7.** The record is unclear whether this motion was a renewal of Cheswold's earlier motion, which the judge denied, or a brand new motion. *See* Appendix to Ans. Br. at B–289. The record is also unclear whether the judge affirmatively denied the motion or worked out a compromise jury instruction that satisfied both parties instead. *See id.* at B–292. In any event, the judge did not grant the motion. Here, the precise status and disposition of the motion is of no practical import; our analysis with respect to the Motion for Judgment as a Matter of Law applies equally to Cheswold's motion the judge denied after Vann's case-in-chief as it does to the post-trial motion. This is true regardless of whether the post-trial motion was a renewal of that earlier motion or a new motion, or whether the judge affirmatively denied it or alternatively managed it.

for Vann on all three claims, awarding him $1 on the defamation claim, $244,000 on the breach of the covenant of good faith and fair dealing claim, and $45,000 on the Whistleblowers' Protection Act claim. On November 13, 2009, Cheswold moved for a new trial under Superior Court Rule 59,[8] or alternatively, relief from judgment under Superior Court Rule 60,[9] on the basis that the jury's damages award for breach of the implied covenant of good faith and fair dealing was "clearly erroneous." The Superior Court denied Cheswold's motion. Cheswold now appeals the Superior Court's denial of its Motion for Judgment as a Matter of Law and its Motion for a New Trial or, alternatively, Motion for Relief from Judgment.

## II.  ANALYSIS

### A.  *The Superior Court properly denied Cheswold's Motion for Judgment as a Matter of Law.*

■ Cheswold first claims that Vann is precluded from proceeding with his Whis-

tleblowers' Act claims because our *Vann II* decision, holding that Cheswold's fifteen stated reasons constituted "just cause" to terminate Vann as police chief, constitutes an adjudication that the town validly fired Vann under his contract. According to Cheswold, issue preclusion bars Vann's remaining claims because if Cheswold properly terminated Vann for "just cause," it is legally impossible for Vann to show that the "primary reason" for his termination was retaliation and the Superior Court should have granted Cheswold's Motion for Judgment as a Matter of Law. To the extent Cheswold claims that the trial court determined the applicable law incorrectly or failed to grant judgment as a matter of law because of legally insufficient evidence, we review those claims *de novo* for legal error because they involve the formulation and application of legal concepts.[10]

Our decision in *Vann II* does not preclude Vann's Whistleblowers' Act claims. The issues decided in *Vann II* and in this case are different. In *Vann II*, we addressed whether Cheswold's fifteen stated

8. Super. Ct. Civ. R. 59. New trials and rearguments.
    (a) Grounds. A new trial may be granted as *to* all or any of the parties and on all or part of the issues in an action in which there has been a trial for any of the reasons for which new trials have heretofore been granted in the Superior Court....
    . . .

9. Super. Ct. Civ. R. 60. Relief from judgment or order.
    . . .
    (b) Mistake; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.—On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered

in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment....
    . . .

10. *City Investing Co. Liquidating Trust v. Cont'l Cas. Co.*, 624 A.2d 1191, 1194 (Del. 1993) (subjecting rulings of law to *de novo* review). *See also Turner v. State*, 957 A.2d 565, 572 (Del.2008) (noting that a trial court's formulation and application of legal principles *is subject to de novo* review).

reasons, if established, were sufficient to satisfy the "just cause" standard in 11 *Del. C.* § 9301.[11] In this case, which involves whistleblower claims, the issue was whether or not the "primary basis" for Vann's discharge was retaliation.[12] The Superior Court correctly determined that Vann's Whistleblowers' Act claims raised a separate and distinct issue from that of "just cause." Even though Cheswold articulated fifteen reasons that, if proved, were legally sufficient to show "just cause" for Vann's termination, those fifteen reasons may not, in fact, have been the "primary basis" for Cheswold firing him. Accordingly, the Superior Court correctly determined that *Vann II* does not preclude Vann's whistleblower claims. Cheswold has neither argued nor shown that the jury verdict on this matter was clearly erroneous or unsupported by the evidence. Indeed, it was not. Therefore, the Superior Court properly denied Cheswold's Motion for Judgment as a Matter of Law.

**B.** *The Superior Court did not err by denying Cheswold's Motion for a New Trial on the basis that the jury verdict awarding damages for breach of the implied covenant of good faith and fair dealing contradicts Vann II.*

■ Alternatively, Cheswold claims that the trial court erred by not granting its Motion for a New Trial because, he asserts, the jury verdict awarding damages for breach of the implied covenant of good faith and fair dealing directly contradicts our decision in *Vann II*. This argument essentially repeats the first—in short, because Cheswold's fifteen proffered reasons for firing Vann constituted, by the language in *Vann II*, "willful and wanton acts" against Cheswold, Vann could not have been discharged as a result of any misconduct on Cheswold's part. We reject this argument.

■ We review a trial court's denial of a Motion for a New Trial for abuse of discretion.[13] Jury verdicts should stand unless "a reasonable jury could not have reached the result."[14] A denial of a Motion for a New Trial will constitute an abuse of discretion only if the jury verdict was against the great weight of the evidence, no reasonable jury could have reached the result, and the denial was untenable and unreasonable.[15]

11. 11 *Del. C.* § 9301. Police chief removal; right to public hearing; appeal.
    (a) No chief of police or police superintendent of a legislatively authorized police department within this State, excluding municipalities with a population greater than 60,000, shall be dismissed, demoted or otherwise removed from office unless there is a showing of just cause and such person has been given notice in writing of the specific grounds for such action and an opportunity to be heard in the chief's or the superintendent's own defense, personally and/or by counsel, at a public hearing before the elected governing body of the jurisdiction. Such public hearing, unless otherwise specified by charter, shall be held not less than 5 nor more than 30 days after such notice.
    (b) Any appeals from the process described in subsection (a) of this section shall be to the Superior Court for the county in which the public hearing was held. All such appeals shall be undertaken by filing a notice of appeal with the Court within 90 days of receipt of the written decision of the governing body.

12. *See* 19 *Del. C.* § 1708. Burden of Proof.

    The burden of proof in any action brought under this chapter shall be upon the employee to show that the primary basis for the discharge, threats, or discrimination alleged to be in violation of this chapter was that the employee undertook an act protected pursuant to § 1703 of this title.

13. *Wilhelm v. Ryan,* 903 A.2d 745, 755 (Del. 2006).

14. *Storey v. Camper,* 401 A.2d 458, 465 (Del. 1979).

15. *Wilhelm,* 903 A.2d at 755.

Cheswold's claim must fail. In *Vann II*, we concluded only that the fifteen reasons Cheswold offered in support of Vann's termination, if established, would meet the "just cause" standard of 11 *Del. C.* § 9301. That decision, however, was predicated on the assumption that those fifteen reasons were factually true.[16] Vann's claim in this case tested that assumption and implicated a different issue—namely, whether Cheswold breached the implied covenant of good faith and fair dealing by fraudulently creating evidence to support its fifteen stated reasons for firing him.[17] Cheswold has not shown that the evidence fails to support the jury verdict on this issue. To the contrary, the evidence supports a finding that Mayor Diakos and Town Manager Edward Ryan falsified documents to create a paper trail to substantiate Cheswold's fifteen reasons for firing Vann. The jury verdict that Cheswold breached the implied covenant of good faith and fair dealing was not precluded by, nor did it directly contradict, our decision in *Vann II.* It was consistent with the evidence. Accordingly, the Superior Court did not err by denying Cheswold's Motion for a New Trial on this ground.

C. *The Superior Court did not err by denying Cheswold's Motion for a New Trial, or alternatively, its Motion for Relief from Judgment, on the basis that the jury's award of damages was "clearly erroneous."*

Finally, Cheswold claims the Superior Court erred by denying its Motion for a New Trial, or alternatively, its Motion for Relief from Judgment, because the jury's award of damages for breach of the implied covenant of good faith and fair dealing was "clearly erroneous." According to Cheswold, Vann had no expectation of reemployment or reinstatement after his May 25, 2005 termination. Because an implied covenant of good faith and fair dealing claim requires that the damages be based on the parties' reasonable expectations, and because Vann had no reasonable expectation of reemployment or reinstatement, the argument goes, then the jury's award could only have been punitive, not compensatory. Therefore, Cheswold argues, the trial judge should have granted its Motion for a New Trial or set aside the jury verdict.

The Delaware Constitution provides that "on appeal from a verdict of a jury, the findings of the jury, if supported by the evidence, shall be conclusive."[18] Accordingly, we give deference to a jury verdict when considering a Motion for a New Trial based on insufficient evidence.[19] We will not disturb a jury's factual findings so long as there is "any competent evidence upon which the verdict could reasonably be based."[20] That is, we will not

---

16. *See Vann II*, 945 A.2d at 1122.

17. We recognize an implied covenant of good faith and fair dealing in every employment contract. *Merrill v. Crothall–American, Inc.*, 606 A.2d 96, 101 (Del.1992). To succeed on a claim that an employer has breached the implied covenant, the former employee must show that the employer's conduct constituted "an aspect of fraud, deceit or misrepresentation." *Id.* (quoting *Magnan v. Anaconda Indus., Inc.*, 37 Conn.Supp. 38, 429 A.2d 492, 494 (Conn.Super.Ct.1980)). In particular, we have held that an employer breaches the im-

plied covenant when it creates "fictitious grounds to terminate employment." *E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 444 (Del.1996).

18. DEL. CONST. art. IV, § 11(1)(a).

19. *Young v. Frase*, 702 A.2d 1234, 1236 (Del. 1997).

20. *Mercedes–Benz of N. Am., Inc. v. Norman Gershman's Things to Wear, Inc.*, 596 A.2d 1358, 1362 (Del.1991) (quoting *Turner v. Vineyard*, 80 A.2d 177, 179 (Del.1951)).

set aside jury verdicts unless "a reasonable jury could not have reached the result."[21]

Given the standard of review, Cheswold's claim must fail. The record evidence supports the jury's conclusion that Cheswold breached the implied covenant of good faith and fair dealing. It suggests Diakos and Ryan acted with ill will and with intent to cause Vann harm by firing him and by falsifying documents to create "evidence" to support Cheswold's fifteen proffered reasons for doing so. By way of example, record evidence suggests that Ryan forged one of Vann's time sheet forms to include ticket totals in the margin, creating the illusion that Vann was violating a prohibition on counting ticket totals.[22] Record evidence also suggests that before Vann started his whistleblowing activity, Cheswold was pleased with his work, having offered him a generous $20,000 raise the previous year, and had no inclination to fire him.[23] From this evidence, the jury had a reasonable basis to conclude that, but for Diakos and Ryan's retaliatory efforts to fire him, Vann would still be employed as Cheswold's Chief of Police.

The evidence also supports the jury's award of $244,000 as compensatory damages for Cheswold's breach of the implied covenant of good faith and fair dealing. At trial, Vann's expert witness, Shelli Palmer, testified that Vann could have made between $80,590 and $93,220 as a police chief elsewhere within the local geographic area.[24] Yet, because Vann was no longer able to secure a job locally as a police chief after Cheswold fired him, the most he was able to earn per year in his alternative employment was $63,338 as an account manager at Bank of America.[25] Also supporting Vann's damages claim was the expert testimony of Dr. Charles Link, who calculated the present value of the difference between what Vann could have made as a police chief and what he makes at Bank of America. This difference amounts to between $285,000 and $516,000.[26] Nothing in the record supports Cheswold's claim that the jury's damages award was punitive, as distinguished from compensatory. Nor is there any indication that the jury's award was excessive. In fact, the $244,000 award was less than the lower limit of Dr. Link's calculated range. Cheswold's third claim fails because it has failed to demonstrate that the jury's damages award was "clearly erroneous."

## III. CONCLUSION

Our opinion in *Vann II* neither foreclosed Vann's Whistleblowers' Act claims, nor the jury verdict awarding damages for what it found to be Cheswold's breach of its implied duty of good faith and fair dealing. The jury's damages award of $244,000 for breach of the implied duty was not "clearly erroneous." For these reasons, the Superior Court did not err when it denied Cheswold's Motion for Judgment as a Matter of Law and its Motion for a New Trial, or alternatively, its Motion to Set Aside Damages. The judgment of Superior Court is affirmed.

21. *Storey*, 401 A.2d at 465.

22. *See* Appendix to Ans. Br. at B–35, B–77–78.

23. *See id.* at B–62, B–205.

24. *Id.* at B–90–91.

25. *Id.* at B–92.

26. *See id.* at B–298, B–308.