# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| MICHELLE STEINHOUSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N18C-04-125 MMJ |
| UNIVERSITY OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Submitted: May 22, 2019
Decided: June 4, 2019

Upon Defendant's Motion for Summary Judgment
**DENIED.**

Gary W. Aber, Esq. (Argued), *Attorney for Plaintiff*

Randall S. MacTough, Esq., James D. Taylor, Jr., Esq., William E. Manning, Esq. (Argued), Saul, Ewing, Arnstein, & Lehr, LLP, *Attorneys for Defendant*

**JOHNSTON, J.**

## PROCEDURAL AND FACTUAL CONTEXT

This action involves an employment dispute between Plaintiff and Defendant. The facts are presumed in favor of Plaintiff for purposes of this motion. Plaintiff was employed by Defendant as a bus driver. On various

1

occasions, Plaintiff reported safety violations or dangerous conditions existing on her bus to her supervisors. Plaintiff alleges that after she brought these issues to her supervisors' attention, they began to harass her. Plaintiff filed a formal, written complaint with University of Delaware's Human Resources Department in January 2016.

Plaintiff was involved in an accident in April 2016. According to Plaintiff, a rider falsely alleged that Plaintiff closed an automatic door on her improperly. Following the rider's allegations, Plaintiff was arrested, but the charges were dropped. Defendant terminated Plaintiff shortly thereafter. Plaintiff alleges that Defendant caused Plaintiff to be arrested, and that action was wrongful. Plaintiff also alleges that Defendant's termination of Plaintiff violates Delaware's Whistleblower Protection Act. Defendant has moved for summary judgment.

## STANDARDS OF REVIEW

### *Summary Judgment*

Summary judgment is granted only if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[1] All facts are viewed in a light most favorable to the non-moving

---

[1] Super. Ct. Civ. R. 56(c).

party.[2] Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if there is a need to clarify the application of law to the specific circumstances.[3] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[4] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[5]

### *Delaware's Whistleblower Protection Act*

Count II is brought under the provisions of Delaware's Whistleblower Protection Act ("DWPA"), 19 *Del. C.* § 1701 et. seq. The statute provides protection to employees pursuant to 19 *Del. C.* § 1703:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment:
>
>     *   *   *
>
> (4) Because the employee reports verbally or in writing to the employer or to the employee's supervisor a violation, which the employee knows or reasonably believes has occurred or is about to occur, unless the employee knows or has reason to know that the report is false. Provided, however that if the report is verbally

---

[2] *Burkhart v. Davies*, 602 A.2d 56, 58–59 (Del. 1991).
[3] Super. Ct. Civ. R. 56(c).
[4] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3

made, the employee must establish by clear and convincing evidence that such report was made...[6]

## ANALYSIS

In an action brought for violating the DWPA, the employee has the burden of showing that the "primary basis" for the discharge was that the employee undertook an act protected pursuant to Section 1703.[7] Further, the Delaware Supreme Court has determined that even if there exists just cause for termination, that determination does not preclude the jury from determining the issue of whether that cause was the "primary basis" for the termination.[8]

Under the DWPA, an employee is protected from retaliation when the employee reasonably believes that a violation is occurring or is about to occur.[9] Plaintiff reported several safety issues over a four-month period. The items Plaintiff reported were safety-related and, in many instances, were required to be reported under 49 C.F.R. 396.11(a). Plaintiff was required to submit a Driver Vehicle Inspection Report ("DVIR") at the end of each work day. Between December 2015 and March 2016, Plaintiff reported the following violations:

1. Steering issues, pursuant to 49 C.F.R. § 396.11(a)(iii);
2. Mirror issues, pursuant to 49 C.F.R. § 396.11(a)(viii);
3. Tire issues, pursuant to 49 C.F.R. § 396.11(a)(v);

---

[6] 19 *Del. C.* § 1703(4).
[7] 19 *Del. C.* § 1708.
[8] *Town of Cheswold v. Vann*, 9 A.3d 467, 472 (Del. 2010).
[9] 19 *Del. C.* § 1703(4).

4

4. Headlight issues, pursuant to 49 C.F.R. § 396.11(a)(iv);
5. Brake issues, pursuant to 49 C.F.R. § 396.11(a)(ii);
6. Rear door light issues;
7. Light issues, pursuant to 49 C.F.R. § 396.11(a)(iv);
8. Heavy exhaust fumes; and
9. Washer pump & fluid issues, pursuant to 49 C.F.R. § 396.11(a)(vi).

Defendant argues that any reported violation must be a "serious deviation" from safety standards to be considered a violation under the DWPA. Defendant argues that "it is doubtful that Plaintiff really believed, at the time of her required daily inspection reports, that she was blowing the whistle on 'serious' violations."

The Court finds that, in viewing the facts in a light most favorable to Plaintiff, there are a number of genuine issues of material fact in dispute. Whether or not Plaintiff has shown that the primary basis for her termination was in violation of 19 *Del. C.* § 1703(4) is a question of fact for the jury to determine. Additionally, whether Plaintiff reasonably believed that she was reporting violations that were occurring or were about to occur is a question of fact for the jury to determine. Finally, whether the alleged violations were "serious deviations" from applicable safety standards remains a question of fact to be determined by the jury.

## CONCLUSION

The Court finds that there are genuine issues of material fact still in dispute. Whether or not Plaintiff reasonably believed she was reporting violations that were "serious deviations" from applicable safety standards is a question of fact still in dispute. Whether the primary basis for Plaintiff's termination was in violation of Delaware's Whistleblower Protection Act is a fact that must be determined by the jury.

**THEREFORE**, Defendant's Motion for Summary Judgment is hereby **DENIED**.

**IT IS SO ORDERED**.

The Honorable Mary M. Johnston