# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| NATHANIAL RAIFORD, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No: CPU4-24-003020 |
| | ) | |
| AMY ANTHONY, Director of, | ) | |
| DIVISON OF MOTOR VEHICLES | ) | Appeal from Delaware Motor |
| | ) | Vehicle Administrative Hearing |
| Appellee. | ) | Ticket No.: T002400246 |
| | ) | |

Submitted: October 4, 2023
Decided: November 1, 2024

Jason R. Antoine, Esquire
Attorney at Law PLLC
1702 Kirkwood Highway, 2C
Wilmington, DE 19805
*Attorney for Appellant*

George T. Lees III, Esquire
Deputy Attorney General
Department of Transportation
P.O. Box 778
Dover, De 19903
*Attorney for Appellee*

## FINAL DECISION AND ORDER

Appellant Nathanial Raiford ("Mr. Raiford") appealed Appellee Delaware's Department of Motor Vehicles' ("DMV") order suspending his driver's license for three (3) months. On August 23, 2024, a motion to dismiss was filed by the DMV. A hearing was held on October 4, 2024, at the conclusion of which the Court

reserved decision. For the reasons set forth below, Appellee's Motion to Dismiss is **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

Appellant Nathanial Raiford was stopped on January 5, 2024, under the suspicion that he was driving in violation of 21 Del. C. § 4177.[1] While stopped, and pursuant to the statute referenced above, Mr. Raiford was asked to conduct a breathalyzer.[2] Mr. Raiford consented and his Blood Alcohol Concentration ("B.A.C.") was .099, which was over the legal limit permitted in Delaware.[3] Consequently, Mr. Raiford's driver license was pending suspension for three (3) months, authorized by 21 Del. C. § 2742(c)(1).[4]

On January 12, 2024, Mr. Raiford filed a request for an Administrative Hearing ("the Hearing") with the DMV.[5] The Hearing was to determine if probable cause existed for the suspension of Mr. Raiford's driver's license.[6] The DMV scheduled the Hearing for February 29, 2024.[7] On the date of the Hearing, Mr. Raiford, through his undersigned counsel, requested a continuance, which was

---

[1] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 1, at 1.
[2] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 2, at 2.
[3] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 2, at 2.
[4] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 2, at 2.
[5] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 3, at 2.
[6] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., Ex. 1; Appellant's Notice of Appeal, at 1.
[7] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 4, at 2 (notice was given on February 9, 2024).

granted.[8] The DMV then rescheduled the Hearing for May 16, 2024, at 2:20 PM and notice was provided to Mr. Raiford and his counsel.[9]

Two days prior to the rescheduled hearing, Mr. Raiford again requested a continuance due to an appearance in Family Court scheduled for the same day.[10] Again, the DMV granted the continuance and rescheduled the Hearing for July 9, 2024.[11] Notice for the rescheduled Hearing was sent on June 4, 2024.[12] On the date of the Hearing, Mr. Raiford and his counsel failed to appear before the DMV.[13] Mr. Raiford's counsel requested a continuance thereafter explaining that the failure to appear was because counsel "was busy and forgot."[14] The DMV declined to accept Mr. Raiford's counsel's excuse, as the DMV's policy is to only grant continuances for an "emergency" after one has already been granted.[15]

The DMV deemed Mr. Raiford's failure to appear as a withdraw of his request[16] and revoked Mr. Raiford's driver's license for three (3) months.[17] No hearing was held and therefore the DMV made no determination as to whether there

---

[8] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 5, at 2.
[9] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 6, at 2.
[10] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 7, at 2.
[11] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 7, at 2.
[12] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 8, at 2.
[13] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 9, at 2.
[14] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 9, at 2.
[15] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 9, at 2.
[16] *See* Aff. of Stephen E. Boulanger, ¶ 6, at 2.
[17] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 10, at 2.

was probable cause for suspension of Mr. Raiford's driver's license.[18] Mr. Raiford and his counsel were notified of the revocation on July 24, 2024.[19] On August 7, 2024, Mr. Raiford filed an appeal of the Hearing along with a motion to stay the license suspension.[20]

The Court denied Mr. Raiford's stay, and Mr. Raiford filed a motion for reargument.[21] The State responded to Mr. Raiford's Motion for Reargument and filed a motion to dismiss alleging that the Court does not have jurisdiction to hear Mr. Raiford's appeal because he failed to appear for the Hearing.[22] The Court held a hearing on the motion on October 4, 2024, and thereafter, requested the State to clarify the record by affidavit.[23] The State replied on October 24, 2024.[24]

## STANDARD OF REVIEW

The Court of Common Pleas' authority to review license revocation decisions made by the DMV is controlled by 21 Del. C. § 2744. The Court's role is limited to ascertaining if the agency's decision is supported by substantial evidence and

---

[18] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., Ex. 8.

[19] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 11, at 3.

[20] Appellant's Notice of Appeal, at 1; Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 12, at 3.

[21] Appellant's Mot. for Rearg., at 1; Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 9, at 3.

[22] Appellee's Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg., ¶ 13, at 3.

[23] The reason the Court requested clarification was to determine if the DMV hearing was convened. At the motion hearing it was unattested that there was no hearing. However, the supplemental documents were ambiguous.

[24] Aff. of Stephen E. Boulanger.

4

correcting errors of law.[25] Substantial evidence refers to pertinent evidence that a reasonable person would find a sufficient to substantiate a conclusion.[26] The reviewing Court does not assess the evidence, discover its own factual findings, or decide questions of credibility.[27]

In a light most favorable to the prevailing party below, the Court must determine if the evidence is legally sufficient to support the agency's factual findings.[28] When factual determinations are at issue, the Court should yield to the judgment of the agency's expertise and specialized skills.[29] When the agency's decision is buttressed by substantial evidence, the Court is compelled to uphold the agency's decision, even if the Court may have, at first glance, reached a differing opinion.[30]

When the issue before the appellate Court is statutory interpretation, the Court must apply a *de novo* standard of review.[31]

---

[25] *Faupel*, 856 A.2d at 1046; *Gen. Motors Corp. v. Freeman*, 164 A.2d 686, 688 (Del. 1960); *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66-67 (Del. Super. 1965).
[26] *Oceanport Ind. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. 1994); *Battista v. Chrysler Corp.*, 517 A.2d 295, 297 (Del. Super. 1986).
[27] *Faupel*, 856 A.2d at 1046; *Johnson*, 213 A.2d at 66.
[28] *Chudnofsky v. Edwards*, 208 A.2d 516, 518 (Del. 1965); 29 Del. C. § 10142(d).
[29] *Histed v. E.I. DuPont De Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993); *James Julian, Inc. v. Testerman*, 740 A.2d 514, 519 (Del. Super. 1999).
[30] *Brogan v. Value City Furniture*, 2002 WL 499721, at *2 (Del. Super. Ct. March 27, 2002).
[31] *Sullivan v. Mayor & Counsil of Town of Elsmere*, 2010 WL 2802420, at *2 (Del. Super. Ct. July 15, 2010); *Vann v. Town of Cheswold*, 945 A.2d 1118, 1121 (Del. 2008); *Lehman Bros. Bank v. State Bank Comm'r*, 937 A.2d 95, 102 (Del. 2007).

## DISCUSSION

The initial analysis, imperative to this decision, is whether this Court has proper jurisdiction to decide the matter before it. The Court of Common Pleas subject matter jurisdiction is defined by statute.[32] When the Secretary of the DMV, or their designee, rules against a person at an administrative hearing, requested by such person, the Court has appellate power to review the agency's decision.[33] However, when there is no hearing held on probable cause, as is the case here, this Court lacks the authority to review the agency's determination.[34] Further, an appellant's constitutional rights are not violated when no hearing is held because there is no constitutional entitlement to a pre-revocation hearing.[35]

Mr. Raiford raises two arguments in response to the Appellee's Motion to Dismiss: (1) a hearing must be held once Mr. Raiford requested one under the statute, even if he failed to appear; and (2) since the issuing officer failed to appear, the DMV was required to find in favor Mr. Raiford, despite his own failure to appear.

---

[32] 11 Del. C. § 2701 (b).

[33] 21 Del. C. § 2744.

[34] *DeSantis v. Shahan*, 1995 WL 339175, at *3 (Del. Super. Ct. May 31, 1995) (holding that "21 Del. C. § 2744 does not provide appellant an avenue of appeal from [an administrative hearing] since no hearing ever was held on this matter," thus appellant has no statutory right of appeal and the Court is divested of appellate jurisdiction over the matter); *Haley, Jr. v. Dept. of Transp., Div. of Motor Vehicles*, 2006 WL 1695137, at *1 (Del. Com. Pl. June 19, 2006) (denying jurisdiction because the Court of Common Pleas lacked "the requisite jurisdiction to hear a direct appeal from a decision to deny a probable cause hearing); *Wynn v. Shahan*, 2004 WL 1067518, at *2 (Del. Com. Pl. May 11, 2004) (finding if a defendant failed "to appear at the hearing and a default judgment [was] entered against him, there is no statutory right to an appeal").

[35] *DeSantis*, 1995 WL 339175, at *4.

However, Mr. Raiford's arguments are without merit. First, the 21 Del. C. § 2742(d) allows for a hearing to be held upon request. When a hearing is not requested, by default, the defendant has waived their right and a suspension of their driver's license is automatic.[36] Thus, it is a reasonable interpretation of the statute that even if the defendant has requested a hearing, if the defendant has failed to appear to their requested hearing it is deemed a withdraw of the request.[37] Second, nothing in the statute suggests that the officer's nonappearance is dispositive when the defendant fails to appear,[38] and the Court will not read into the statute words that are not there.[39]

As the Court has repeatedly emphasized before, this does not leave Mr. Raiford without means to redress.[40] The Superior Court does have the capability to review by *certiorari* even if there is no right to a direct appeal.[41] This Court, however, does not hold such authority.[42]

---

[36] 21 Del. C. § 2742(d).

[37] *Wilson v. Gingerich Concrete & Masonry*, 285 A.3d 445, 455 (Del. 2022) ("In general, the construction given to a statute by the state agency charged with the statute's enforcement is accorded great judicial deference, so long as the construction is reasonable and does not contradict the plain language of the statute.").

[38] *In re Sweeney*, 257 A.2d 764,765 (Del. Super. 1969) (holding that petitioner's rights "were violated to his prejudice when the Commissioner received the officer's report in lieu of the officer's testimony at the DMV hearing," which the petitioner attended).

[39] *State Farm Mut. Auto. Ins. Co. v. Mundorf*, 659 A.2d 215, 220 (Del. 1995) ("It is not the function of a court to read into, or carve out, exceptions to a clearly-worded legislative or regulatory enactment.").

[40] *Id.* at *3; *Haley, Jr.*, 2006 WL 1695137, at *1; *Wynn*, 2004 WL 1067518, at *2.

[41] *Id.*; *Welty v. Shahan*, 2009 WL 2490506, at *2 (Del. Com. Pl. Aug. 11, 2009).

[42] *DeSantis*, 1995 WL 339175, at *4; *Haley, Jr.*, 2006 WL 1695137, at *1.

Therefore, because Mr. Raiford's failure to appear resulted in the DMV issuing a default, rather than making a determination at the Hearing, this Court is divested of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, Appellee's Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERD.**

Carl C. Danberg
Chief Judge